USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-2168 TERRENCE BROOKER, Petitioner, Appellant, v. UNITED STATES, Respondent, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ronald R. Lagueux, U.S. District Judge] ___________________ ____________________ Before Selya, Circuit Judge, _____________ Cyr, Senior Circuit Judge, ____________________ and Lynch, Circuit Judge. _____________ ____________________ Terrence Terain Brooker on brief pro se. _______________________ Sheldon Whitehouse, United States Attorney, Margaret E. Curran ___________________ ___________________ and Edwin J. Gale, Assistant United States Attorneys, on brief for ______________ appellee. ____________________ April 29, 1997 ____________________ Per Curiam. Pro se appellant Terrence Brooker ___________ appeals from the denial of his motion to vacate his sentence under 28 U.S.C. 2255. We affirm. In his motion, Brooker alleged that his constitutional rights to due process and to the effective assistance of counsel had been violated when his attorney failed to challenge, at sentencing or on direct appeal, his enhanced sentencing for conspiring to distribute and to possess crack cocaine. According to Brooker, the government failed to prove that the drug crime to which he pled guilty involved "crack cocaine," rather than some other form of "cocaine base" for which he would have been more leniently sentenced. However, the plea hearing transcript shows unambiguously that, under oath, Brooker knowingly admitted to having agreed to distribute crack cocaine in taped conversations with a government informant. "There can be no question that admissions to the court by a defendant during a guilty plea colloquy can be relied upon by the court at the sentencing stage." United States v. James, 78 F.3d 851, 856 _____________ _____ (3d Cir.), cert. denied, 117 S. Ct. 128 (1996). Because the ____________ record conclusively refutes the allegations in Brooker's unverified 2255 motion, the district court was fully justified in denying the motion without holding an evidentiary hearing. See United States v. LaBonte, 70 F.3d ___ _____________ _______ 1396, 1413 (1st Cir. 1995), petition for cert. granted, 116 __________________________ -2- S. Ct. 2545 (1996) (a 2255 motion may be dismissed without an evidentiary hearing if key factual averments in the motion are contradicted "by established facts of record"; habeas claims must "rest on a foundation of factual allegations presented under oath, either in a verified petition or supporting affidavits").  Moreover, the district court had no obligation to permit Brooker to file a "traverse" to the government's opposition to his motion, as Brooker claims. This is so because the government did not ask for dismissal of the 2255 motion as a delayed or successive petition. See Barrett v. United ___ _______ ______ States, 965 F.2d 1184, 1187 n.3 (1st Cir. 1992) (the 2255 ______ rules do not contemplate the filing of a traverse, unless the government's response asks for dismissal of the motion under Rule 9 relative to delayed or successive motions). On appeal, Brooker has made new claims of ineffective assistance of counsel, proffering a supporting affidavit which was never presented to the district court. We decline to consider his new claims. See United States v. ___ _____________ Ocasio-Rivera, 991 F.2d 1, 3 (1st Cir. 1993) ("It is a _____________ bedrock principle in this circuit that issues must be squarely raised in the district court if they are to be preserved for appeal. That principle applies unreservedly in the criminal sentencing context."). Brooker has not -3- described any exceptional circumstances that would warrant a different outcome. Affirmed. _________ -4-